UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARVIN DAVIS and SALINA MCCOY,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, *et al.*,<br><br>Defendants. | Case No. C02-2440RSM<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE IN PART AND SETTING NEW TRIAL DATE & RELATED PRE-TRIAL DEADLINES |

This Matter comes before the Court on plaintiffs' Motion to Continue the Trial Date and Adjust Remaining Pre-Trial Deadlines. (Dkt. #80). Defendants have opposed the motion in part. (Dkts. #82 and #83).

Having reviewed plaintiffs' motion, defendants' responses, and the remainder of the record, and having found good cause to extend the trial date and related pre-trial deadlines, the Court does hereby find and ORDER:

(1) Plaintiffs' Motion to Continue the Trial Date (Dkt. #80) is GRANTED IN PART. The Court finds good cause to extend the trial date in this case. However, the Court will amend the related pre-trial deadlines in accordance with its own schedule, as opposed to any of plaintiffs' proposed schedules. (*See* Dkt. #80, Proposed Orders A, B and C).

In addition, because defendants have not agreed to waive a jury trial, the Court will not direct a bench trial in this case as plaintiffs request. Furthermore, the Court will not reset the expert witnesses deadline, as that deadline expired on November 15, 2004, while plaintiffs were still represented by

REVISED ORDER SETTING TRIAL DATE & RELATED DATES - 1

1  counsel.  <u>Nor will the Court</u> direct mediation before a Magistrate Judge or set limited discovery, as
2  defendants have also disagreed with those requests by plaintiffs.  Instead, the Court finds it more
3  appropriate to set the pre-trial deadlines in accordance with its standard scheduling timeline.
4      (2) Following are the new trial date and adjusted pre-trial deadlines.  This Order completely
5  supercedes the Court's previous scheduling order in this case:

| | |
|---|---|
| **NEW TRIAL DATE** | December 13, 2005 |
| All motions related to discovery must be filed by and noted on the motion calendar no later than the third Friday thereafter (<u>see</u> CR7(d)) | July 16, 2005 |
| Discovery completed by | August 15, 2005 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (<u>see</u> CR 7(d)) | September 14, 2005 |
| Mediation per CR 39.1(c)(3) held no later than | November 13, 2005 |
| All motions in limine must be filed by and noted on the motion calendar no later than the second Friday thereafter | November 15, 2005 |
| Agreed pretrial order due | December 1, 2005 |
| Pretrial conference [to be scheduled by the Court] | |
| Trial briefs, proposed voir dire questions, jury instructions, and trial exhibits due | December 8, 2005 |
| Length of Trial: 4-7 days | Jury <u>XXX</u> |

19     (3) Nothing in this Order prevents the parties from moving for relief from a specific deadline
20  should that become necessary at a future point in time.
21     (4) <u>Representation of Plaintiffs by Counsel</u>.  In plaintiffs' motion to continue, attorney William
22  Broberg noted that he was temporarily assisting plaintiffs with the instant motion, although he has
23  technically withdrawn from representation, but stated that if the Court were to grant this motion, he
24  would be willing to re-enter a Notice of Appearance, and represent plaintiffs for the duration of this
25  action. (Dkt. #80 at 3).  Although the Court did not adopt plaintiffs' proposed deadlines exactly, the
26  Court has granted an extended trial date within the time period plaintiffs sought, and the related pre-trial

REVISED ORDER SETTING TRIAL DATE & RELATED DATES - 2

deadlines are very similar to those proposed, as well. (*See* Dkt. #80, Proposed Orders A, B and C). Accordingly, <u>attorney William Broberg is hereby directed to either re-enter a Notice of Appearance on behalf of plaintiffs no later than ten (10) days from the date of this Order, or plaintiffs will proceed *pro se*</u>.

Defendants have expressed their concern about Mr. Broberg's limited representation to date, noting that it has caused confusion over who should be served and who should be involved in discussions regarding discovery, settlement, etc. <u>Therefore, the Court also directs Mr. Broberg to either re-enter this case in a fully-representative capacity, or withdraw completely, as any further "limited representation" will not be allowed by the Court</u>.

(5) <u>Defendant Keller's Request to Strike Declaration of William Broberg</u>. The Court finds defendant Keller's request to strike Mr. Broberg's Declaration in Support of the Motion to Continue now MOOT. Although the Court agrees that much of the information contained in the declaration is irrelevant to the Court's determination on the instant motion, the Court did not rely on those statements when adjusting the trial schedule and related pre-trial deadlines. Rather, the Court based its decision on its current trial calendar and available trial dates, as well as the agreement by all of the parties that a new trial date should be set, and certain deadlines should be extended. Accordingly, defendants were not prejudiced by the irrelevant information contained in Mr. Broberg's declaration.

(6) The Clerk shall forward a copy of this Order to plaintiffs, William Broberg, and all counsel of record.

DATED this 20th day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

REVISED ORDER SETTING TRIAL DATE & RELATED DATES - 3