UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN DAVIS and SALINA McCOY,

Plaintiffs,

v.

KING COUNTY, *et al.*

Defendants.

CASE NO. C02-2440RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE

This matter comes before the Court on defendants' Motions In Limine.[1] (Dkt. #168). Defendants move this Court to limit or exclude nine areas of evidence. Plaintiffs oppose many of those limitations or exclusions. (Dkt. #176). Defendants filed a reply to those objections. (Dkt. #179).

Having reviewed the motions, plaintiffs' response, and the remainder of the record, the Court hereby ORDERS:

(1) Defendants' Motion In Limine Number 1 (Dkt. #168 at 2) is STRICKEN AS MOOT. Defendants ask that the Court preclude any evidence of, or argument related to, liability insurance coverage as improper under Rule 411 of the Federal Rules of Evidence. Plaintiffs

---

[1] Defendant Rayborn has joined in defendant Keller's motions in limine. (Dkt. #167).

ORDER
PAGE – 1

respond that "no 'liability insurance coverage' exists for the defendants, beyond any personal liability insurance they may maintain as individuals, that, frankly, plaintiffs have no knowledge of or care about." (Dkt. #176 at 1). Accordingly, the Court finds no purpose to limit such non-existent evidence at this time. As for plaintiffs' statement that they may wish to elicit admissible insurance-related testimony on cross-examination, that is a decision that plaintiffs' counsel will need to make during trial. Should such questioning and testimony occur, defendants would then have the opportunity to make any objections they felt were appropriate at that time.

(2) Defendants' Motion In Limine Number 2 (Dkt. #168 at 2) pertaining to evidence of settlement discussions is GRANTED. Plaintiffs have stated that they do not object to the exclusion of such testimony, although they also note that no such discussions have actually occurred as of this date.

(3) Defendants' Motion In Limine Number 3 (Dkt. #168 at 2) is DENIED. This motion fails to specify the testimony of a particular witness that defendants seek to exclude. Instead, defendants have moved to "exclude all witnesses and exhibits, other than rebuttal witnesses, . . . and all exhibits, other than exhibits to be used for impeachment purposes only, not disclosed in discovery or in accordance with Fed. R. Civ. P. 26. . . . " (Dkt. #168 at 2). Motions In Limine must be specific enough for the Court to determine the admissibility of certain evidence at trial. Broad objections are not sufficient. Accordingly, this Court denies defendants' motion to exclude all witnesses and exhibits not timely disclosed. However, nothing in this Order bars defendants from making any specific objections on the record should that be appropriate during trial.

(4) Defendants' Motion In Limine Number 3A (Dkt. #168 at 2-3) is DENIED. Defendants ask this Court to preclude any of plaintiffs' fact witnesses besides themselves because plaintiffs "failed to provide defendants with a witness and exhibit list in accordance with

ORDER
PAGE – 2

CR 15(h)."[2]  (Dkt. #168 at 2).  The Court notes that Rule 15(h) does not exist either under the Federal Rules of Civil Procedure or under this Court's Local Rules.  Accordingly, there appears to be no basis for the motion in limine.  Moreover, the Court refers defendants to the Court's previous scheduling Order in this action which provides the date that witness and exhibit lists are due from the parties.

(5) Defendants' Motion In Limine Number 3B (Dkt. #168 at 3) is STRICKEN AS MOOT.  Plaintiffs have not identified any expert witnesses, and they state that they don't plan to call any expert witnesses.

(6) Defendants' Motion In Limine Number 4 (Dkt. #168 at 4) is GRANTED.  The Court has previously found that plaintiffs never identified Emily Reilly as a witness, expert or otherwise, and her testimony regarding her opinions on distances, visibility, and lines of sight in the Fred Meyer parking lot at 1st Ave South and 140th Street in Burien, and the accuracy of the photographs from the King County Government iMap service, is based solely on the representations and testimony of others, and therefore has stricken her declarations and supporting exhibits from the record.  Moreover, the issue to which Ms. Reilly's testimony appears to relate – probable cause for the traffic stop – has already been settled on summary judgment.  Accordingly, the Court agrees with defendants that Ms. Reilly should be excluded from testifying in this matter.

(7) Defendants' Motion In Limine Number 5 (Dkt. #168 at 4-5) is DENIED.  Besides referring to the general category of evidence as the "Dan Ring investigation and other allegations lodged against Deputy Keller," this motion fails to specify the testimony of a

---

[2] Defendants also moved to exclude such fact witnesses on the basis that plaintiffs had never furnished defendant Keller with any initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  (Dkt. #168 at 2).  However, shortly after filing this motion in limine, defendants noted for the record that defendant Keller had, in fact, received initial disclosure, and asked the Court to strike that argument from their motion.  (Dkt. #172 at 1-2).

ORDER
PAGE – 3

particular witness or a particular document that defendants seek to exclude. Instead, defendants have moved to exclude "Any Reference To Prior or Pending Claims and/or Investigations Involving Deputy Keller, Deputy Rayborn and/or King County Sheriffs Office." (Dkt. #168 at 4-5). Again, motions in limine must be specific enough for the Court to determine the admissibility of certain evidence at trial. Broad objections are not sufficient. Accordingly, this Court denies defendants' motion. However, nothing in this Order bars defendants from making any specific objections on the record should that be appropriate during trial.

(8) Defendants' Motion In Limine Number 6 (Dkt. #168 at 5) is DENIED. While the Court agrees that the events that occurred after defendants transferred custody of Davis to the King County Jail are not directly relevant to plaintiffs' claims against Rayborn and Keller, the Court does believe that such testimony may be relevant to the subject of damages. In addition, the Court finds that defendants have not demonstrated that such information would unfairly prejudice defendant Keller. Accordingly, this Court denies defendants' motion. However, nothing in this Order bars defendants from making any specific objections on the record should that be appropriate during trial.

(9) Defendants' Motion In Limine Number 7 (Dkt. #168 at 5-6) is GRANTED. Although defendants' motion is titled "Any Testimony, Mention, or Evidence Concerning Defendants' Motions In Limine, or the Court's Rulings on Such Motions, or Previous Summary Judgment Motions, or Previous Motions Made by the Plaintiffs," the body of the motion refers only to the propriety of evidence or testimony regarding motions in limine. The Court agrees that the exclusion of such evidence and testimony is appropriate. However, this Order does not apply to any other evidence or testimony contained in the title of the motion in limine, as defendants' have provided no authority for such exclusions.

(10) Defendants' Motion In Limine Number 8 (Dkt. #168 at 6) is DENIED. Defendants'

have asked that the Court direct plaintiffs not to mention or state to the jury the probable testimony of a witness who is absent, unavailable or not called to testify in this case. Not only is the motion vague, defendants have failed to provide any legal authority for the request. Moreover, plaintiffs respond that they would be willing to discuss a more specific limitation on this issue with defendants, and believe they can come to an agreement on such limitation. Accordingly, the Court denies the motion at this time.

(11)  Defendants' Motion In Limine Number 9 (Dkt. #168 at 6) is DENIED. Although plaintiffs do not oppose a limitation on any references to the expenses of litigation as a general matter, plaintiffs respond that some of this category of evidence may be appropriate as to damages. They state that they would be willing to discuss a more specific limitation on this issue with defendants, and believe they can come to an agreement on such limitation. Accordingly, the Court denies the motion at this time.

(12)  The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this  5  day of December, 2005.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 5