UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN DAVIS and SALINA McCOY,

    Plaintiffs,

    v.

KING COUNTY, *et al.*

    Defendants.

CASE NO.  C02-2440RSM

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE

    This matter comes before the Court on plaintiffs' Motions In Limine.  (Dkt. #169). Plaintiffs move this Court to limit or exclude five areas of evidence.  Defendant Keller has filed a response, and plaintiffs filed a reply to that response.[1]  (Dkts. #173 and #174).

    Having reviewed the motions, defendants' response, plaintiffs' reply, and the remainder of the record, the Court hereby ORDERS:

    (1)  Plaintiffs' Motion In Limine "a" (Dkt. #169 at 2-3) is DENIED.  This motion fails to specify the testimony of a particular witness that plaintiffs seek to exclude.  Instead, plaintiffs have moved to "exclude all King County Sheriff's employees not present on January 5, 2001

---

[1] While defendant Rayborn specifically joined in defendant Keller's motions in limine, he has made no such joinder in defendant Keller's response to plaintiffs' motions in limine.  (*See* Dkt. #167).  However, plaintiffs note in their reply that they have assumed that defendant Rayborn joins defendant Keller's response, and defendant Rayborn has not informed the Court otherwise; therefore, the Court also makes that assumption.  (*See* Dkt. #174 at 1 n. 1).

ORDER
PAGE – 1

before or at the point when Mr. Davis was taken into custody." (Dkt. #169 at 2). Motions In Limine must be specific enough for the Court to determine the admissibility of certain evidence at trial. Broad objections are not sufficient. Accordingly, this Court denies plaintiffs' motion. However, nothing in this Order bars plaintiffs from making any specific objections on the record should that be appropriate during trial.

(2) The Court reserves ruling on plaintiffs' Motion in Limine "b" pertaining to live testimony by Sergeant Seltzer until the pre-trial conference set for 1:30 p.m. on December 8, 2005. (Dkt. #169 at 3).

(3) Plaintiffs' Motion In Limine "c" pertaining to the exclusion of witnesses from the courtroom until after they have testified (Dkt. #169 at 3) is GRANTED. Defendants have stated that they do not object to the exclusion of witnesses from the courtroom.

(4) The Court reserves ruling on plaintiffs' Motion In Limine "d" pertaining to defendant Keller's expert witness, Timothy A. Perry, until the pre-trial conference set for 1:30 p.m. on December 8, 2005. (Dkt. #169 at 3-4).

(5) Plaintiffs' Motion In Limine "e" pertaining to the use of an aerial photo in opening statements (Dkt. #169 at 5) is WITHDRAWN. In the response, defendant Keller noted that plaintiffs had failed to attach a copy of the photo at issue to counsel's declaration as stated in the motion in limine, and therefore, he could not adequately respond. Plaintiffs subsequently apologized for failing to attach the photo, and informed the Court that they believe deferring the motion until trial is appropriate.

(6) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this __5__ day of December, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 2