1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN DAVIS, *et al.*,                    )
                                           )     CASE NO.  C02-2440RSM
           Plaintiffs,                     )
                                           )     ORDER DENYING MOTION FOR NEW
      v.                                   )     TRIAL
                                           )
KING COUNTY, *et al.*,                     )
                                           )
           Defendants.                     )
_____)

## I.  INTRODUCTION

This matter comes before the Court on plaintiffs' Motion for a New Trial pursuant to Rule

59(a) of the Federal Rules of Civil Procedure.  (Dkt. #226).  Plaintiffs assert three bases for their

motion: (1) misconduct of defense counsel during closing arguments; (2) the verdicts on all claims

submitted to the jury were against the weight of the evidence; and (3) an exhibit admitted by plaintiffs

at trial was not provided to the jury during deliberation.

Defendants have objected to plaintiffs' motion.  Defendants argue that the conduct of which

plaintiffs complain was not improper, but that even if it was, any prejudice was cured by the Court.

Defendants also argue that the evidence supports the verdicts, there was no error in withholding an

illustrative exhibit from the jury during deliberation, and finally, plaintiffs' motion is untimely.  (Dkts.

#238 and #240).

ORDER
PAGE - 1

For the reasons set forth below, the Court agrees with defendants in part, and DENIES plaintiffs' motion for a new trial.

## II.  DISCUSSION

### A.  Timeliness of Motion

As a threshold matter, the Court addresses defendants' argument that plaintiffs' motion is untimely.  A motion for a new trial must be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(b).  Rule 58(b) defines "time of entry."  The Rule states that for purposes of the federal civil procedure rules, judgment is entered when "it is entered in the civil docket."  Fed. R. Civ. P. 58(b)(1) and (2).  In this case, while the judgment was signed by the undersigned District Judge on December 19, 2005, it was not actually entered into the civil docket until December 20, 2005.  (Dkt. #216).  Accordingly, plaintiffs' motion was due no later than January 5, 2006.  Plaintiffs filed their motion on that date.  Therefore, the motion is timely.

### B.  Request for New Trial

Under Rule 59(a), this Court may grant a motion for a new trial if the verdict was against the weight of the evidence, there is newly discovered evidence, or there was improper conduct by counsel or the Court.  *See Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 540 (1958) (explaining that the trial court has discretion to grant a new trial where verdict is against the weight of the evidence); *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928-29 (9th Cir. 2000) (stating the test for ordering a new trial on the basis of newly-discovered evidence); *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995) (stating the test for granting a new trial in the face of improper conduct by counsel).  The Court first turns to plaintiffs' allegations of attorney misconduct.

#### 1.  Attorney Misconduct

The Ninth Circuit has clearly established that new trials based on the misconduct of attorneys are only warranted where "the 'flavor of misconduct . . . sufficiently permeate[s] an entire proceeding

ORDER
PAGE - 2

1   to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'"

2   *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1986) (quoting *Standard*

3   *Oil Co. v. Perkins*, 347 F.2d. 379, 388 (9th Cir. 1965)); *see Wharf, supra* (explaining that a new trial

4   is warranted when the moving party establishes that the conduct complained of prevented him or her

5   from fully and fairly presenting his or her case or defense).

6          Plaintiffs argue that defendant Keller's counsel committed such prejudicial misconduct during

7   closing argument when he repeatedly noted this Court's dismissal of two of plaintiffs' claims on

8   directed verdict, and led the jury to believe that the dismissal had some significance to its deliberation

9   on the merits of the remaining claim and counterclaim.  The Court agrees that defense counsel's

10  comments were improper.  Despite the Court's explicit instruction outside of the jury's presence that

11  counsel was not to discuss the dismissal of those claims during closing arguments, defendant Keller's

12  counsel commented on both the dismissal of plaintiff McCoy's unreasonable seizure claim and plaintiff

13  Davis' unlawful arrest claim.  However, the Court is not persuaded that those comments so permeated

14  the trial that the jury was necessarily prejudiced.

15         First, regardless of whether defendant Keller's counsel had made any statement to the jury

16  regarding plaintiffs' dismissed claims, the jury was already aware that some claims had been dismissed.

17  During voir dire and in the Court's preliminary jury instructions, the undersigned District Judge

18  summarized the positions of the parties.  The Court explained that plaintiff Davis was bringing an

19  unlawful seizure claim and an unlawful arrest claim, and that plaintiff McCoy was bringing an unlawful

20  seizure claim.  Then, after the Court had granted directed verdicts in favor of defendants on two of

21  those claims, *and before closing arguments*, the undersigned District Judge instructed the jury that

22  they were to deliberate only on plaintiff Davis' unlawful seizure claim.  Thus, the members of the jury

23  knew at least that two of plaintiffs' claims had been resolved in some manner prior to hearing defense

24  counsel's comments during closing.

25

26  ORDER
    PAGE - 3

1       In addition, the comments made by defense counsel were isolated rather than persistent.  They

2   occurred only during the very beginning of closing argument.  When the comments were made,

3   plaintiffs' counsel objected, the objections were sustained, and the undersigned District Judge directed

4   defendants' counsel to move on with the remainder of his closing argument.[1]  The Court had

5   previously instructed the jury to disregard any statement drawing an objection that was subsequently

6   sustained.  The law presumes that the jury carefully follows the instructions given to it.  *Richardson v.*

7   *Marsh*, 481 U.S. 200, 206 (1987) (referring to "the almost invariable assumption of the law that jurors

8   follow their instructions"); *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985); *Parker v. Randolph*,

9   442 U.S. 62, 73 (1979) (explaining that "[a] crucial assumption underlying [the] system [of trial by

10  jury] is that juries will follow the instructions given them by the trial judge."); *Wade v. Calderon*, 29

11  F.3d 1312 (9th Cir. 1994).  Accordingly, the Court finds that any prejudicial effect on the jury, if any,

12  was minimal, and a new trial is not warranted on that basis.  *See Kehr*, 736 F.2d at 1286 (explaining

13  that the trial court is in the best position to gauge the prejudicial effect of improper comments).

14      Plaintiffs next argue that defendant Keller's counsel committed misconduct by "testifying" to

15  several "facts" during closing argument that were not truly facts supported by the evidence.  Included

16  in this list of alleged factual testimony is defense counsel's statement that defendant Keller was "a man

17  of tremendous integrity," defense counsel's implication that the defendant police officers had to hire

18  lawyers and bear the cost of their own defense, defense counsel's implication that plaintiffs had made

19  false statements in their pleadings, and defense counsel's statement that plaintiff Davis had apologized

20  at the scene.[2]  Again, the Court is not persuaded that those comments so permeated the trial that the

21

22      [1] Had plaintiffs' counsel believed that any prejudice to the jury was not curable by the Court's

23  sustaining his objections, he should have asked the Court for an admonishment to the jury.  He chose not to do so.

24      [2] Plaintiffs' counsel also interjects an argument that defense counsel committed misconduct

25  prior to closing arguments by displaying a document to the jury which had not been admitted, and to

ORDER

26  PAGE - 4

jury was necessarily prejudiced.

First, the Court reminds plaintiffs' counsel that defense counsel's statements during trial are not "testimony." Thus, it is legally incorrect to argue that defense counsel provided "evidence" to the jury for its consideration. Moreover, the Court instructed the jury as much. In both the preliminary instructions and end of trial instructions, *prior to closing arguments*, the Court informed the jury that "statements and arguments of the attorneys" are not evidence, and they must not be considered as evidence in deciding the case. As noted above, the jury is presumed to have followed that instruction carefully.

It is equally important to highlight the fact that plaintiffs' counsel did not object to any of these alleged factual statements. As this Court has already stated, the Ninth Circuit Court of Appeals advises that a new trial should only be granted where the "'flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Kehr, supra.* However, the Court of Appeals also instructs that:

> [t]here is an even "higher threshold" for granting a new trial where, as here, defendants failed to object to the alleged misconduct during trial. A higher threshold is necessary for two reasons: "First, raising an objection after the closing argument and before the jury begins deliberations 'permit[s] the judge to examine the alleged prejudice and to admonish . . . counsel or issue a curative instruction, if warranted.'" Second, "allowing a party to wait to raise the error until after the negative verdict encourages that party to sit silent in the face of claimed error."

*Settlegoode v. Portland Pub. Schs*, 371 F.3d 503, 516-517 (9th Cir. 2004) (citations omitted).

Plaintiffs have not met that threshold.

---

which the parties had not stipulated. The exhibit plaintiffs reference was a copy of the citation at issue in the case. Plaintiffs had previously sought admission of their copy of the citation, and the Court admitted it. The only difference between the admitted exhibit and the copy that defendants briefly displayed to the jury was a fax header at the top of the page. Plaintiffs' counsel objected, the document was promptly exchanged for the one admitted into evidence, and questioning continued. Plaintiffs make no argument as to how this could have improperly influenced the jury, and the Court can find none. Therefore, the Court rejects that argument.

ORDER
PAGE - 5

1     Finally, plaintiffs argue that defense counsel committed misconduct by calling to the jury's

2     "passion, bias and prejudice – societal bias in favor of police officers" and against black plaintiffs.

3     Plaintiffs cite to no specific racially-prejudiced statements, noting that defense counsel actually spoke

4     in racially neutral terms.  Instead, plaintiffs essentially ask the Court to simply infer that defense

5     counsel's disparaging comments regarding "such a plaintiff" necessarily referred to plaintiffs' race and

6     were intended to appeal to possible prejudices of an all-white jury, rather than for proper

7     argumentative purposes such as credibility of the witnesses.  The Court simply will not do this.  Not

8     only does the Court find the suggestion offensive, the Court finds absolutely no basis in the record for

9     the allegation.  The comments to which plaintiffs cite are not racial in nature, and appear to have no

10    racially-prejudiced motivation.  For this, and all of the reasons set forth above, the Court declines to

11    order a new trial based on alleged attorney misconduct.

12         *2. Verdict Against the Weight of the Evidence*

13         Plaintiffs next argue that the jury verdict in favor of defendants on Mr. Davis' unlawful seizure

14    claim was against the weight of the evidence.[3]  In order to vacate the jury's verdict on plaintiff Davis'

15    unlawful seizure claim and grant a new trial thereon, this Court must find that the jury's verdict "is

16    contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in

17    the sound discretion of the trial judge, a miscarriage of justice."  *Hanson v. Shell Oil Co.*, 541 F.2d

18    1352, 1359 (9th Cir. 1976), *cert. denied*, 429 U.S. 1074 (1977) (quoting *Moist Cold Refrigerator Co.*

19    *v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957), *cert. denied*, 356 U.S. 968 (1958)); *William*

20    *Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1027 (9th Cir. 1981),

21    *cert. denied*, 459 U.S. 825 (1982).  It is insufficient for this Court to simply reach a different verdict.

22    *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1245 (Fed. Cir. 1989).  In fact, the Ninth Circuit

23    _____

24         [3] To the extent that plaintiffs make this argument in regard to the jury's verdict in favor of
      defendants on their malicious prosecution counterclaim, the Court will address that argument in its
25    separate Order on plaintiffs' pending motion for judgment as a matter of law.  (*See* Dkt. #228).

26    ORDER
      PAGE - 6

Court of Appeals has continuously held that where the Court considers a motion for a new trial based on insufficiency of the evidence, "a stringent standard applies." *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987)). Thus, while it is true that a district judge may weigh the evidence, assess the credibility of witnesses, and need not view the evidence in the light most favorable to the moving party, "a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2806, at 49 (1973)).

In asserting that the verdict in this case was against the weight of the evidence, plaintiffs essentially present this Court with the same arguments that were offered previously on summary judgment. Plaintiffs argue that it is "impossible" for the events to have transpired in the way the officers explained at trial. They cite to the same evidence available to and examined by the Court on summary judgment. The Court refers to summary judgment because, at that time, the Court agreed with plaintiffs that there was a question of fact as to how long plaintiffs were detained after the initial traffic stop, and whether that length of time was reasonable under the circumstances. The Court also agreed that there remained the possibility that plaintiffs waited 20-25 minutes prior to defendants' initiation of an inquiry into the status of Davis' driver's license, and that the CAD report itself did not provide definitive evidence that plaintiffs did not wait as long as they say they did. Of course it was not proper for the Court to make any determination on the credibility of the witness testimony or weigh the evidence presented, as that was the duty of the jury.

At trial, in a classic case of "he said she said," the jury was essentially asked to examine the same evidence as had been presented to the Court and determine the credibility of the parties. Upon review of the special verdict form, it seems the jury believed the testimony of the officers, and their

ORDER
PAGE - 7

1    supporting exhibits, accepting their version of events as true.  The Court, having reviewed the same

2    evidence, finds that it is in no better position to make that credibility determination than the jury was.

3    There is nothing about the jury's verdict that is clearly contrary to the evidence presented.

4    Accordingly, the Court finds no basis to vacate that verdict and grant a new trial.

5        *3. Exhibit 8(a)*

6        Lastly, plaintiffs argue that the Court erred in failing to allow Exhibit 8(a) to go to the jury

7    during deliberation.  Exhibit 8(a) was a photograph taken of the scene of the traffic stop at some other

8    date and time than when the incident in question occurred.  Plaintiffs argue that the exhibit "provided

9    the jury with one of the only clear means to assess witnesses [sic] testimony about distances and

10   locations of various businesses and where the cars were originally and finally."  The Court is not

11   persuaded.

12       First, the Court notes that the photograph does not depict either plaintiffs' vehicle or the

13   officers' vehicle, or where either of them were actually parked at the scene.  Further, the photograph

14   includes a parked van that was not at the scene on the night of the incident in question.  Moreover, the

15   photograph was not properly authenticated prior to plaintiffs' offering it as an exhibit.  While the

16   Court did allow plaintiffs' counsel to publish the photograph to the jury, it did so, with defense

17   counsel's acquiescence, for a limited illustrative purpose.  Plaintiffs did not object to that limitation.

18       Allowing evidence admitted for illustrative purposes into the jury room during deliberation has

19   been discouraged by the Ninth Circuit Court of Appeals, and could constitute reversible error in

20   certain circumstances.  *See United States v. Abbas*, 504 F.2d 123 (9th Cir. 1974) *cert. denied*, 421

21   U.S. 988 (1975); *United States v. Krasn*, 614 F.2d 1229 (9th Cir. 1980).  The Court of Appeals has

22   explained that:

23           [t]he danger inherent in such evidence is that it would act as a speaking, continuous
             witness throughout the jury's deliberation of certain specific, isolated – albeit
24           significant – testimony to the exclusion of the totality of the evidence taken at the
             trial which must be viewed in its entirety.

25

     ORDER
26   PAGE - 8

1   *Abbas*, 504 F.2d at 125.  This Court acknowledges that the exhibit in question in the instant case

2   would unlikely create such a problem; however, plaintiffs have produced no authority supporting their

3   contention that the Court's decision to withhold the exhibit was in any way improper.

4         Moreover, plaintiffs have failed to demonstrate that withholding the exhibit actually prejudiced

5   their case.  Plaintiffs' counsel was free to remind the jury of the photograph during closing arguments,

6   and to discuss any inconsistencies between the scene as described by the witnesses and the scene as it

7   appeared in the photograph.  Indeed plaintiffs' counsel argued extensively during closing about the

8   significance of where plaintiff Davis first stopped his car, and then where he finally stopped his car

9   after moving forward to allow a truck to move out of a driveway.  It is not clear how the jury would

10  be unable to accept or "assess" that argument without having access to the picture during deliberation.

11  Accordingly, the Court finds no reason to order a new trial on that basis.

12        **C.  Request for Attorneys Fees**

13        The Court will address all arguments pertaining to defendants' request for attorneys fees in its

14  separate order on defendants' pending motion for such fees.

15                              **III.  CONCLUSION**

16        Having reviewed plaintiffs' motion, defendants' responses, plaintiffs' reply,[4] and the remainder

17  of the record, the Court hereby ORDERS:

18        (1)  Plaintiffs' Motion for a New Trial (Dkt. #226) is DENIED.

19        (2)  The clerk shall forward a copy of this Order to all counsel of record.

20

21        ⁴ The Court notes that plaintiffs' counsel, in a continuous pattern of late filing in this action,
22  has also filed plaintiffs' reply brief one day late.  However, it appears from the electronic filing receipt
    that counsel did indeed attempt to file the brief at the end of day on January 20, 2006.  So as not to
23  prejudice plaintiffs in this case for counsel's technological mistakes, the Court will accept the late
    filing, and notes once again its disappointment with plaintiffs' counsel's efforts to comply with this
24  Court's deadlines.  Accordingly, defendants' request to strike plaintiffs' reply is DENIED.  (*See* Dkt.
    #247).
25

26  ORDER
    PAGE - 9

1       DATED this 27th day of January, 2006.

2

3

4

5                                               RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26      ORDER
        PAGE - 10